STAR BRASS WORKS v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Sixth Circuit. April 2, 1904.)

No. 1,317.

**1. APPEAL—INTERLOCUTORY DECREE GRANTING INJUNCTION—ADVANCEMENT OF CAUSE.**

A decree on the merits, finding infringement of a patent, awarding a permanent injunction, and directing a reference to ascertain damages and profits, is an interlocutory decree granting an injunction, appealable under section 7 of the act creating the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 828), as amended by Act June 6, 1900, c. 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 550], and the appeal is entitled to precedence, as provided in said section, and to be advanced on the calendar for hearing, subject, however, to the rules of the court as to the filing of briefs, unless for reasons of exigency shown a special order is made for an earlier hearing.

On Motion to Advance Cause.

See 109 Fed. 950.

Fred L. Chappell, for appellant.

Betts, Betts, Sheffield & Betts and Joseph Wilby, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is an appeal from a decree upon the merits, finding infringement, awarding a permanent injunction, and directing a reference to ascertain damages and profits. It comes on now to be heard upon the motion of the appellant to advance the cause under section 7 of the Court of Appeals act (Act March 3, 1891, c. 517, 26 Stat. 828) as amended June 6, 1900 (31 Stat. 660, c. 803 [U. S. Comp. St. 1901, p. 550]). That section, as amended, reads as follows:

"Sec. 7. That where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the Circuit Court of Appeals: Provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: Provided further, That the court below may in its discretion require as a condition of the appeal an additional bond."

Although the injunction order appealed from is not a preliminary injunction intended to operate only until a hearing upon the merits, it was nevertheless an "interlocutory decree," inasmuch as the decree was not final in an appealable sense. This appeal was taken within 30 days. The cause is therefore one which is entitled to take "precedence" upon the calendar of this court. But this does not mean that

¶ 1. Review of interlocutory decrees granting or continuing injunctions in patent cases by Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; New York, N. H. & H. R. Co. v. Sayles, 32 C. C. A. 484.

the rules of the court with reference to the filing of briefs are to be ignored. Precedence is given by advancing the cause upon the calendar over other cases not advanced, so that it may be called when ripe for hearing under the rules, or earlier if counsel shall choose to expedite the preparation of the cause, or upon a special order made by the court for special reasons of exigency made to appear.

The motion to give this cause precedence is allowed, and it will be set down for hearing as soon as the briefs are due under the rules, or so soon as the record shall be printed and the briefs filed, if counsel shall by diligence file same before due.